IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                      No. 4:17-cr-157-DPM

JEWEL LAMONT SPENCER                                        DEFENDANT

ORDER

The Court appreciates the parties' supplemental briefs. *Doc. 106 & 107*. The Court already concluded that Spencer's plea was knowing and voluntary, despite his lawyer's advice. *Doc. 87*. Spencer therefore recasts the issue as one of ineffective assistance. But the record here isn't sufficiently developed to resolve that claim. *Compare Doc. 80 at 2 with Doc. 106 at 13*. Like most ineffectiveness claims, it's best left for collateral review. *United States v. Ramirez-Hernandez*, 449 F.3d 824, 826-27 (8th Cir. 2006).

The Court continues to believe that none of the individual circumstances in Spencer's case—the parallel State and federal prosecutions, the incorrect advice before the plea, and the potential lack of credit for the related state sentence—amounts to a fair and just reason for withdrawal on its own. FED. R. CRIM. P. 11(d)(2)(B). Further, Spencer hasn't cited, and the Court hasn't found, any precedent for considering those circumstances cumulatively. Instead, it appears the Eighth Circuit analyzes proffered "fair and just" reasons individually.

*E.g., United States v. Flynn*, 969 F.3d 873, 877–80 (8th Cir. 2020). The Court therefore concludes that Spencer hasn't shown a fair and just reason for withdrawing his plea.

Even if the combined circumstances here did amount to a fair and just reason, though, that isn't the only factor in the withdrawal analysis. Instead, the Court must also consider "whether [Spencer] asserts his innocence of the charge, the length of time between the guilty plea and the motion to withdraw it, and whether the government will be prejudiced if the court grants the motion." *United Sates v. Nichols*, 986 F.2d 1199, 1201 (8th Cir. 1993). Spencer promptly asked to withdraw his plea after receiving the presentence report. He doesn't assert his innocence of the charge. And the United States says it could be prejudiced by withdrawal, given that the underlying events occurred more than four years ago. All material things considered, the Court concludes that Spencer's plea must stand. The Court will therefore reset Spencer's case for sentencing by separate notice.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

31 March 2021