IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                PLAINTIFF

v.                      No. 4:17-cr-157-DPM

JEWEL LAMONT SPENCER
Reg #31395-009                                          DEFENDANT

ORDER

**1.** Jewel Lamont Spencer pleaded guilty to being a felon who knowingly possessed a firearm with a connection to interstate commerce. 18 U.S.C. § 922(g)(1). Before sentencing, he moved to withdraw his plea, claiming that his retained lawyer gave him bad advice about whether his prior convictions for residential burglary would qualify him as an armed career criminal. His requests to withdraw his plea were denied and the Court sentenced him to the fifteen-year mandatory minimum. Spencer now moves to vacate his sentence. *Doc. 123; Strickland v. Washington*, 466 U.S. 668 (1984). A hearing isn't necessary. 28 U.S.C. § 2255(b); *Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013); *Winters v. United States*, 716 F.3d 1098, 1103 (8th Cir. 2013). His motion for an appointed lawyer is denied. *United States v. Craycraft*, 167 F.3d 451, 455 (8th Cir. 1999). His motion for an extension of time to file a reply to the government's response is denied as moot; Spencer filed a reply, which the Court has

considered. His motion to expand the record is also denied because his proposed affidavit restates arguments already made.

**2. Alleged Ineffective Assistance by Fowler.** When Spencer was indicted, it was an open question whether residential burglary under Arkansas law qualified as a violent felony for the purposes of the Armed Career Criminal Act. There was, however, a case pending before the Court of Appeals on that issue. *United States v. Sims*, 933 F.3d 1009 (8th Cir. 2019). Spencer's lawyer knew about that case. She encouraged him to plead guilty quickly in hopes that he could be sentenced before it was decided. *Doc. 132-1 at* 2. But she made a mistake. In November 2019, she told him that the case had not been decided when, in fact, the Court of Appeals had issued its opinion a few months earlier in August. *Doc. 123 at 33; Sims*, 933 F.3d at 1013. Spencer pleaded guilty in December. He argues this mistake denied him the effective assistance of a lawyer.

Before Spencer pleaded guilty, he was repeatedly informed that he could be subject to the fifteen-year mandatory minimum under the Armed Career Criminal Act. *Doc. 69 at 2 & 4; Doc. 85 at 8-10*. His lawyer explained to him that, if his convictions for residential burglary were found to be violent felonies, he would be an armed career criminal. *Doc. 123 at 33; Doc. 132-1 at 2-4*. And his lawyer warned him about the case before the Court of Appeals. Spencer chose to plead guilty anyway. Furthermore, the case against him was

uniquely strong. He pleaded guilty to a state felon-in-possession charge arising out of the same facts. *Doc. 20 at 1-2*. Spencer wasn't prejudiced by his lawyer's mistake. *United States v. Reed*, 39 F.4th 1285, 1293-94 (10th Cir. 2022).

**3. Alleged Ineffective Assistance by Peters**. The Court appointed a lawyer for Spencer after his retained lawyer withdrew. Spencer makes three complaints against his appointed lawyer. Two are based on *Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019), which Spencer says should have been raised on his appeal. There is no *Rehaif* issue. The United States filed a Superseding Indictment, *Doc. 51*, to account for *Rehaif*. And at his plea hearing, Spencer admitted that when he knowingly possessed a pistol, he knew he was a felon and was prohibited from having a gun. *Doc. 85 at 19-20*. Because his lawyer isn't required to make meritless arguments, Spencer can't show deficient performance. *Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994) (*per curiam*).

Spencer also claims that his appointed lawyer was unprepared for his sentencing hearing. She was prepared, but the Court need not go into the reasons why Spencer is wrong because, here again, he can't show prejudice. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). The Court sentenced him to the mandatory minimum.

**4. Due Process.** Spencer's motion to vacate based on *Rehaif* is denied, too. This claim is procedurally defaulted. He has not argued

or shown cause or prejudice. And, based on what Spencer admitted when he pleaded guilty, he is not actually innocent of being a felon in possession of a firearm. *Jennings v. United States*, 696 F.3d 759, 764 (8th Cir. 2012).

*       *       *

Spencer's motions to appoint counsel, *Doc. 128*, for an extension of time to file a reply, *Doc. 133*, and to expand the record, *Doc. 135*, are denied. The Court received and considered his reply, *Doc. 134*. His motion to vacate, *Doc. 123*, is denied. His lawyers did not perform below the constitutional standard, and his other claim lacks merit. No certificate of appealability will issue. 28 U.S.C. § 2253(c)(l)-(2).

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

21 April 2023